# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

SECURITIES AND EXCHANGE COMMISSION,

                       Plaintiff,

    v.

PRESTON HOPPER, TAMELA PALLAS, and TERRY WOOLLEY,

                       Defendants.

Civil Action No. H-04-1054

Hon. Ewing Werlein, Jr.

UNITED STATES COURTS
SOUTHERN DISTRICT OF TEXAS
FILED

APR 1 0 2006

MICHAEL N. MILBY, CLERK OF COURT

## DEFENDANT PRESTON HOPPER'S ANSWER AND DEMAND FOR JURY TRIAL

Defendant Preston Hopper ("Mr. Hopper" or "Defendant"), by and through his attorneys, Cadwalader, Wickersham & Taft LLP, and in answer to the Amended Complaint filed by the Securities Exchange Commission (the "Amended Complaint" and the "SEC," respectively), admits, denies, and alleges as set forth below.

1.     With respect to the first sentence of paragraph 1 of the Amended Complaint, Mr. Hopper respectfully refers the Court to the Amended Complaint for an account of what this case allegedly involves. Mr. Hopper denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second and third sentences of paragraph 1 of the Amended Complaint. Mr. Hopper denies the allegations in the fourth and fifth sentences of paragraph 1 of the Amended Complaint.

2.     Mr. Hopper denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Amended Complaint.

3.     Mr. Hopper denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Amended Complaint.

4.      The allegations contained in the first sentence of this paragraph constitute legal conclusions to which no response is required.  To the extent that a response thereto is required, Mr. Hopper denies the allegations of the first sentence of this paragraph as untrue, denies SEC's characterizations of referenced documents, and further respectfully refers the Court to the referenced documents for their true and full contents.  Mr. Hopper denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second and third sentences of paragraph 4 of the Amended Complaint.  Mr. Hopper admits that CMS Energy Corp. ("CMS") restated its financial results and respectfully refers the Court to CMS's restated 2000 and 2001 Forms 10-K for their true and full contents.

5.      Mr. Hopper admits that the round-trip trades had no impact on the net income of CMS Marketing, Services & Trading ("MS&T") or CMS.  Mr. Hopper denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 5 of the Amended Complaint.

6.      Mr. Hopper admits that CMS rose on the Fortune 500 list between 1999 and 2001, but otherwise denies the allegations contained the first four sentences of paragraph 6 of the Amended Complaint. Mr. Hopper denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning the last two sentences of paragraph 6 of the Amended Complaint.

7.      Mr. Hopper admits that Arthur Andersen LLP ("Andersen") was CMS's outside auditor and that Andersen conducted an audit of CMS in 2002.  Mr. Hopper denies the characterization that Andersen "required CMS to reclassify revenues and expenses from the round-trip trades and record them on a net, rather than gross, basis."

8.      With regard to the first sentence of paragraph 8 of the Amended Complaint, Mr. Hopper admits that CMS reclassified revenues and expenses in the cited Form 10-K and respectfully refers the Court to the cited Form 10-K for its true and full contents.  Mr. Hopper denies knowledge

-2-

or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of paragraph 8 of the Amended Complaint. Mr. Hopper otherwise denies the allegations in paragraph 8 of the Amended Complaint.

9.     Mr. Hopper denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Amended Complaint.

10.     Mr. Hopper denies the SEC's characterization of this action and otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Amended Complaint. Mr. Hopper respectfully refers the Court to the Amended Complaint if the Court wishes to determine the purpose of this action and the relief sought.

11.     The allegations contained in paragraph 11 of the Amended Complaint constitute legal conclusions to which no response is required.

12.     The allegations contained in paragraph 12 of the Amended Complaint constitute legal conclusions to which no response is required.

13.     The allegations contained in paragraph 13 of the Amended Complaint constitute legal conclusions to which no response is required.

14.     Mr. Hopper admits that he is 55 and is a CPA licensed in Michigan and that he served as CMS's chief accounting officer during the period covered by the Amended Complaint. Mr. Hopper also admits that he is no longer a CMS officer. Except as so admitted, Mr. Hopper denies the remaining allegations contained in paragraph 14 of the Amended Complaint.

15.     Mr. Hopper denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Amended Complaint.

16.     Mr. Hopper denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Amended Complaint.

17.      Mr. Hopper denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Amended Complaint.

18.      Mr. Hopper denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Amended Complaint.

19.      Mr. Hopper admits the allegations contained in paragraph 19 of the Amended Complaint.

20.      Mr. Hopper admits the allegations contained in paragraph 20 of the Amended Complaint.

21.      Mr. Hopper denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Amended Complaint.

22.      Mr. Hopper denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the Amended Complaint.

23.      Mr. Hopper denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of the Amended Complaint.

24.      Mr. Hopper denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the Amended Complaint.

25.      Mr. Hopper denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of the Amended Complaint.

26.      Mr. Hopper denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of the Amended Complaint.

27.      Mr. Hopper denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of the Amended Complaint.

28.      Mr. Hopper denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of the Amended Complaint.

29.    Mr. Hopper denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 of the Amended Complaint.

30.    Mr. Hopper denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 of the Amended Complaint.

31.    Mr. Hopper denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31 of the Amended Complaint.

32.    Mr. Hopper denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 of the Amended Complaint.

33.    Mr. Hopper denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33 of the Amended Complaint.

34.    Mr. Hopper denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 34 of the Amended Complaint.

35.    Mr. Hopper denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 35 of the Amended Complaint.

36.    Hopper denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36 of the Amended Complaint.

37.    Mr. Hopper denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 37 of the Amended Complaint.

38.    Mr. Hopper denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38 of the Amended Complaint.

39.    Mr. Hopper denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 39 of the Amended Complaint.

40.    Mr. Hopper denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 40 of the Amended Complaint.

41.     Mr. Hopper denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 41 of the Amended Complaint.

42.     Mr. Hopper denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 42 of the Amended Complaint.

43.     Mr. Hopper denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 43 of the Amended Complaint.

44.     Mr. Hopper denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 44 of the Amended Complaint.

45.     Mr. Hopper denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 45 of the Amended Complaint.

46.     Mr. Hopper admits that MS&T conducted one natural gas round-trip trade.  Mr. Hopper otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 46 of the Amended Complaint.

47.     Mr. Hopper admits the allegations contained in the first sentence of paragraph 47 of the Amended Complaint.  Mr. Hopper denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the final two sentences of paragraph 47 of the Amended Complaint.

48.     Mr. Hopper denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 48 of the Amended Complaint.

49.     Mr. Hopper denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first two sentences of paragraph 49 of the Amended Complaint.  Mr. Hopper denies the allegations contained in the third sentence of paragraph 49 to the extent it implies that the round-trip transactions were somehow improperly hidden from Andersen.  Mr. Hopper admits the allegations contained in the fourth sentence of paragraph 49.

50.     Mr. Hopper denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first three sentences of paragraph 50 of the Amended Complaint and respectfully refers the court to the Court to CMS's 2000 Form 10-K for its true and full contents. Mr. Hopper denies the allegations contained in the fourth sentence of paragraph 50 to the extent that it implies that Mr. Hopper acted improperly or illegally.

51.     Mr. Hopper denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first two sentences of paragraph 51 of the Amended Complaint. Mr. Hopper admits the allegations contained in the third sentence of paragraph 51. With regard to the fourth sentence of paragraph 51, Mr. Hopper respectfully refers the Court to the cited Andersen accountant's notes for their true and full contents.

52.     Mr. Hopper denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 52 of the Amended Complaint.

53.     Mr. Hopper denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 53 of the Amended Complaint.

54.     Mr. Hopper denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 54 of the Amended Complaint.

55.     Mr. Hopper denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 55 of the Amended Complaint.

56.     Mr. Hopper denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 56 of the Amended Complaint.

57.     Mr. Hopper denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first two sentences of paragraph 57 of the Amended Complaint. With regard to the third sentence of paragraph 57, Mr. Hopper admits that the round-trip transactions were recorded on a gross basis in CMS's second-quarter 2001 Form 10-Q.

58.     Mr. Hopper denies the allegations contained in paragraph 58 of the Amended Complaint and avers that CMS adopted the three enumerated criteria for determining whether to record an energy trade on a gross basis.

59.     Mr. Hopper denies knowledge of the allegations contained in the first sentence of paragraph 59 of the Amended Complaint.  With regard to the second sentence of paragraph 59, Mr. Hopper respectfully refers the Court to the cited memorandum for its true and full contents.

60.     Mr. Hopper denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 60 of the Amended Complaint.

61.     The allegations contained in the first sentence of paragraph 61 constitute a legal conclusion to which no response is required.  Mr. Hopper denies the allegations contained in the second sentence to the extent it implies that Mr. Hopper acted improperly or illegally in reporting the third quarter 2001 round-trip trades.  Mr. Hopper denies the allegations contained in the third sentence of paragraph 61 of the Amended Complaint.  Mr. Hopper denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the last sentence of paragraph 61 of the Amended Complaint.

62.     Mr. Hopper denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 62 of the Amended Complaint.

63.     Mr. Hopper denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first two sentences of paragraph 63 of the Amended Complaint. With regard to the third sentence of paragraph 63, Mr. Hopper denies SEC's characterization that Mr. Hopper was "disconcerted" by the decision to reclassify the round-trip trades from the first and second quarters of 2001.  Mr. Hopper admits the allegations contained in the fourth sentence of paragraph 63 of the Amended Complaint only to the extent that there was an internal debate regarding the change.

-8-

64.     Mr. Hopper admits that the 2001 round-trip trades were reclassified.  Mr. Hopper denies the allegations contained in the second sentence of paragraph 64 of the Amended Complaint to the extent that it implies that Mr. Hopper acted knowingly, improperly, or illegally.  Mr. Hopper denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the third and fourth sentences of paragraph 64 of the Amended Complaint.

65.     Mr. Hopper denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first three sentences of paragraph 65 of the Amended Complaint.  With regard to the fourth sentence, Mr. Hopper respectfully refers the Court to the cited Form 10-K for its true and full contents.

66.     With regard to the first two sentences of Paragraph 66 of the Amended Complaint, Mr. Hopper respectfully refers the Court to the cited Form 10-K for its true and full contents.  Mr. Hopper denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the third sentence of paragraph 66 of the Amended Complaint.  Mr. Hopper admits that he approved the footnote disclosure that Andersen prepared but otherwise denies the allegations contained in the last sentence of the paragraph 66 of the Amended Complaint.

67.     Mr. Hopper denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first three sentences of paragraph 67 of the Amended Complaint.  With regard to the fourth sentence of paragraph 67, Mr. Hopper specifically denies the SEC's characterization that the audit committee chairman "admonished" Mr. Hopper.

68.     Mr. Hopper specifically denies the SEC's characterization of the footnote as "misleading" and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 68 of the Amended Complaint.

69.     Mr. Hopper denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 69 of the Amended Complaint.  With

-9-

regard to the second sentence of paragraph 69, Mr. Hopper admits that he did not consult with counsel but specifically denies that SEC's characterization that the audit committee chairman "admonished" Mr. Hopper.

70.     Mr. Hopper denies the allegations contained in the first sentence of paragraph 70 of the Amended Complaint. Mr. Hopper denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of paragraph 70 of the Amended Complaint. Mr. Hopper denies the allegations contained in the third sentence of paragraph 70 of the Amended Complaint.

71.     Mr. Hopper denies the allegations contained in the first sentence of paragraph 71 of the Amended Complaint.  With regard to the second sentence of paragraph 71, Mr. Hopper respectfully refers the Court to the cited Form 10-K for its true and full contents.  Mr. Hopper denies the allegations contained in the third and fourth sentences of paragraph 71 of the Amended Complaint.

72.     Mr. Hopper respectfully refers the Court to the cited Form 10-K for its true and full contents.  Mr. Hopper otherwise denies the allegations contained in paragraph 72 of the Amended Complaint.

73.     Mr. Hopper denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 73 of the Amended Complaint.  Mr. Hopper denies the allegations contained in the second sentence of paragraph 73 of the Amended Complaint.  With regard to the third sentence of paragraph 73, Mr. Hopper respectfully refers the Court to the cited Form 10-Q for its true and full contents.

74.     Mr. Hopper respectfully refers the Court to the cited Form 10-K for its true and full contents.  Mr. Hopper otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 74 of the Amended Complaint.

75.    Mr. Hopper respectfully refers the Court to the cited Form 10-Q for its true and full contents. Mr. Hopper otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 75 of the Amended Complaint.

76.    Mr. Hopper respectfully refers the Court to the cited Forms 10-Q and Forms 10-K for their true and full contents. Mr. Hopper otherwise denies the allegations contained in paragraph 76 of the Amended Complaint.

77.    Mr. Hopper respectfully refers the Court to the cited Form 10-Q for its true and full contents. Mr. Hopper otherwise denies the allegations contained in paragraph 77 of the Amended Complaint.

78.    Mr. Hopper admits that CMS filed a Form S-3 on December 15, 2000, December 22, 2000, and December 12, 2001, and a Form S-8 on April 11, 2001. Mr. Hopper otherwise denies the allegations contained in paragraph 78 of the Amended Complaint.

79.    Mr. Hopper denies the allegations contained in the first sentence of paragraph 79 of the Amended Complaint and avers that Mr. Hopper shared responsibility for such preparations with others. Mr. Hopper denies the allegations contained in the second sentence of paragraph 79 of the Amended Complaint and avers that his staff was responsible for circulating drafts of CMS's Commission filings to each business unit within CMS. Mr. Hopper denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 79 of the Amended Complaint.

80.    Mr. Hopper denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 80 of the Amended Complaint. Mr. Hopper specifically denies the SEC's characterization of the filings as "Hopper-drafted," "false," and "misleading." Mr. Hopper further denies the SEC's characterization of the reporting of MS&T's volumes and revenues as "misreporting" and "misinformation."

81.    Mr. Hopper respectfully refers the Court to the cited CMS earnings releases for their true and full content. Mr. Hopper otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 81 of the Amended Complaint.

82.    Mr. Hopper respectfully refers the Court to the cited CMS earnings releases for their true and full content. Mr. Hopper otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 82 of the Amended Complaint.

83.    Mr. Hopper respectfully refers the Court to the cited CMS earnings releases for their true and full content. Mr. Hopper otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 83 of the Amended Complaint.

84.    Mr. Hopper respectfully refers the Court to the cited CMS earnings releases for their true and full content. Mr. Hopper otherwise denies the allegations contained in paragraph 84 of the Amended Complaint.

85.    Mr. Hopper respectfully refers the Court to the cited CMS earnings releases for their true and full content. Mr. Hopper otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 85 of the Amended Complaint.

86.    Mr. Hopper admits the allegations contained in the first sentence of paragraph 86 of the Amended Complaint. Mr. Hopper denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of paragraph 86 of the Amended Complaint. The allegations contained in the third sentence of paragraph 86 constitute a legal conclusion to which no response is required. Mr. Hopper denies the SEC's characterization of the

disclosures as "misleading" and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in the final sentence of paragraph 86 of the Amended Complaint.

87.    Mr. Hopper denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 87 of the Amended Complaint.

88.    Mr. Hopper denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 88 of the Amended Complaint.

89.    Mr. Hopper respectfully refers the Court to the cited web-cast slides, web-cast transcripts, and presentation transcripts for their true and full content. Mr. Hopper otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 89 of the Amended Complaint.

90.    Mr. Hopper denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 90 of the Amended Complaint.

91.    Mr. Hopper denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 91 of the Amended Complaint and respectfully refers the Court to the referenced document for its true and full contents.

92.    Mr. Hopper denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 92 of the Amended Complaint and respectfully refers the Court to the referenced document for its true and full contents.

93.    Mr. Hopper denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 93 of the Amended Complaint and respectfully refers the Court to the referenced document for its true and full contents.

94.     Mr. Hopper denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 94 of the Amended Complaint and respectfully refers the Court to the referenced document for its true and full contents.

95.     Mr. Hopper denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 95 of the Amended Complaint.

96.     Mr. Hopper admits that he received a bonus of $185,629 for year 2000 and a salary increase in year 2001 but, except as so admitted, denies the allegations contained in paragraph 96 of the Amended Complaint.  Mr. Hopper specifically denies the allegation contained in the section heading that alleges this bonus and raise were "financial rewards from round-trip trading."

97.     Mr. Hopper denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 97 of the Amended Complaint.  With regard to the second sentence of paragraph 97, Mr. Hopper respectfully refers the Court to the cited Form 10-K for its true and full contents and otherwise denies the remaining allegations contained in the sentence.

98.     Mr. Hopper admits that he approved the footnote disclosure but otherwise denies the allegations contained in the first sentence of the paragraph 98 of the Amended Complaint.  Mr. Hopper denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 98 of the Amended Complaint.

99.     Mr. Hopper denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first two sentences of paragraph 99 of the Amended Complaint.  Mr. Hopper denies the allegations contained in the third sentence of paragraph 99 of the Amended Complaint to the extent that it implies that Mr. Hopper acted improperly or illegally.  Mr. Hopper denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 99 of the Amended Complaint.

-14-

100.   Mr. Hopper denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 100 of the Amended Complaint.

101.   Mr. Hopper denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 101 of the Amended Complaint.

## ANSWER TO THE FIRST CLAIM FOR RELIEF

102.   In response to paragraph 102 of the Amended Complaint, Mr. Hopper incorporates by reference his answers and responses to paragraphs 1 to 101.

103.   The allegations contained in paragraph 103 of the Amended Complaint constitute legal conclusions to which no response is required.  To the extent that a response thereto is required, Mr. Hopper denies the allegations contained in paragraph 103 of the Amended Complaint.

104.   The allegations contained in paragraph 104 of the Amended Complaint constitute legal conclusions to which no response is required.  To the extent that a response thereto is required, Mr. Hopper denies the allegations contained in paragraph 104 of the Amended Complaint.

105.   The allegations contained in paragraph 105 of the Amended Complaint constitute legal conclusions to which no response is required.  To the extent that a response thereto is required, Mr. Hopper denies the allegations contained in paragraph 105 of the Amended Complaint.

## ANSWER TO THE SECOND CLAIM FOR RELIEF

106.   In response to paragraph 106 of the Amended Complaint, Mr. Hopper incorporates by reference his answers and responses to paragraphs 1 to 101.

107.   The allegations contained in paragraph 107 of the Amended Complaint constitute legal conclusions to which no response is required.  To the extent that a response thereto is required, Mr. Hopper denies the allegations contained in paragraph 107 of the Amended Complaint.

HOU:2565948.1

108.   The allegations contained in paragraph 108 of the Amended Complaint constitute legal conclusions to which no response is required.  To the extent that a response thereto is required, Mr. Hopper denies the allegations contained in paragraph 108 of the Amended Complaint.

109.   The allegations contained in paragraph 109 of the Amended Complaint constitute legal conclusions to which no response is required.  To the extent that a response thereto is required, Mr. Hopper denies the allegations contained in paragraph 109 of the Amended Complaint.

## ANSWER TO THE THIRD CLAIM FOR RELIEF

110.   In response to paragraph 110 of the Amended Complaint, Mr. Hopper incorporates by reference his answers and responses to paragraphs 1 to 101.

111.   The allegations contained in paragraph 111 of the Amended Complaint constitute legal conclusions to which no response is required.  To the extent that a response thereto is required, Mr. Hopper denies the allegations contained in paragraph 111 of the Amended Complaint.

112.   The allegations contained in paragraph 112 of the Amended Complaint constitute legal conclusions to which no response is required.  To the extent that a response thereto is required, Mr. Hopper denies the allegations contained in paragraph 112 of the Amended Complaint.

## ANSWER TO THE FOURTH CLAIM FOR RELIEF

113.   In response to paragraph 113 of the Amended Complaint, Mr. Hopper incorporates by reference his answers and responses to paragraphs 1 to 101.

114.   The allegations contained in paragraph 114 of the Amended Complaint constitute legal conclusions to which no response is required.  To the extent that a response thereto is required, Mr. Hopper denies the allegations contained in paragraph 114 of the Amended Complaint.

115.   The allegations contained in paragraph 115 of the Amended Complaint constitute legal conclusions to which no response is required.  To the extent that a response thereto is required, Mr. Hopper denies the allegations contained in paragraph 115 of the Amended Complaint.

HOU:2565948.1

116.    The allegations contained in paragraph 116 of the Amended Complaint constitute legal conclusions to which no response is required. To the extent that a response thereto is required, Mr. Hopper denies the allegations contained in paragraph 116 of the Amended Complaint.

## ANSWER TO THE FIFTH CLAIM FOR RELIEF

117.    In response to paragraph 117 of the Amended Complaint, Mr. Hopper incorporates by reference his answers and responses to paragraphs 1 to 101.

118.    Mr. Hopper denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 118 of the Amended Complaint.

119.    Mr. Hopper denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 119 of the Amended Complaint.

120.    Mr. Hopper denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 120 of the Amended Complaint.

## ANSWER TO THE SIXTH CLAIM FOR RELIEF

121.    In response to paragraph 121 of the Amended Complaint, Mr. Hopper incorporates by reference his answers and responses to paragraphs 1 to 101.

122.    The allegations contained in paragraph 122 of the Amended Complaint constitute legal conclusions to which no response is required. To the extent that a response thereto is required, Mr. Hopper denies the allegations contained in paragraph 122 of the Amended Complaint.

123.    The allegations contained in paragraph 123 of the Amended Complaint constitute legal conclusions to which no response is required. To the extent that a response thereto is required, Mr. Hopper denies the allegations contained in paragraph 123 of the Amended Complaint.

124.    The allegations contained in paragraph 124 of the Amended Complaint constitute legal conclusions to which no response is required. To the extent that a response thereto is required, Mr. Hopper denies the allegations contained in paragraph 124 of the Amended Complaint.

HOU:2565948.1

## ANSWER TO THE SEVENTH CLAIM FOR RELIEF

125.    In response to paragraph 125 of the Amended Complaint, Mr. Hopper incorporates by reference his answers and responses to paragraphs 1 to 101.

126.    Mr. Hopper denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 126 of the Amended Complaint.

127.    Mr. Hopper denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 127 of the Amended Complaint.

128.    Mr. Hopper denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 128 of the Amended Complaint.

## ANSWER TO THE EIGHTH CLAIM FOR RELIEF

129.    In response to paragraph 129 of the Amended Complaint, Mr. Hopper incorporates by reference his answers and responses to paragraphs 1 to 101.

130.    The allegations contained in paragraph 130 of the Amended Complaint constitute legal conclusions to which no response is required.  To the extent that a response thereto is required, Mr. Hopper denies the allegations contained in paragraph 130 of the Amended Complaint.

131.    The allegations contained in paragraph 131 of the Amended Complaint constitute legal conclusions to which no response is required.  To the extent that a response thereto is required, Mr. Hopper denies the allegations contained in paragraph 131 of the Amended Complaint.

132.    The allegations contained in paragraph 132 of the Amended Complaint constitute legal conclusions to which no response is required.  To the extent that a response thereto is required, Mr. Hopper denies the allegations contained in paragraph 132 of the Amended Complaint.

133.    The allegations contained in paragraph 133 of the Amended Complaint constitute legal conclusions to which no response is required.  To the extent that a response thereto is required, Mr. Hopper denies the allegations contained in paragraph 133 of the Amended Complaint.

HOU:2565948.1

## ANSWER TO THE NINTH CLAIM FOR RELIEF

134.     In response to paragraph 134 of the Amended Complaint, Mr. Hopper incorporates by reference his answers and responses to paragraphs 1 to 101.

135.     Mr. Hopper denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 135 of the Amended Complaint.

136.     Mr. Hopper denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 136 of the Amended Complaint.

137.     Mr. Hopper denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 137 of the Amended Complaint.

138.     Mr. Hopper denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 138 of the Amended Complaint.

## GENERAL DENIAL

Mr. Hopper denies each and every allegation in the Amended Complaint not expressly addressed above.

## A FIRST AFFIRMATIVE DEFENSE

139.     The Amended Complaint fails to state a claim against Mr. Hopper upon which relief can be granted.

## A SECOND AFFIRMATIVE DEFENSE

140.     The Amended Complaint does not assert a claim against Mr. Hopper that would entitle the SEC to obtain the relief sought against Mr. Hopper.

## A THIRD AFFIRMATIVE DEFENSE

141.     The SEC's claims are barred in whole or in part by the cease-and-desist order entered into with CMS.

## A FOURTH AFFIRMATIVE DEFENSE

142.    The SEC's claims are barred in whole or in part because Mr. Hopper acted in good faith and in reliance upon representations of and information provided by third parties, including the work, conclusions and opinions of professionals and experts.

## A FIFTH AFFIRMATIVE DEFENSE

143.    The SEC's allegations which give rise to their claims are not pled with sufficient particularity as required under Rule 9(b) of the Federal Rules of Civil Procedure.

## A SIXTH AFFIRMATIVE DEFENSE

144.    Mr. Hopper expressly reserves the right to assert additional affirmative and other defenses based on the facts learned through discovery.

## A SEVENTH AFFIRMATIVE DEFENSE

145.    Mr. Hopper hereby incorporates each of the affirmative defenses set forth in the Answer of Tamela Pallas as if fully set forth herein.

WHEREFORE, Preston Hopper respectfully requests that the Court deny the SEC's requests for relief and enter an order(s) dismissing the claims against Mr. Hopper, awarding Mr. Hopper the costs of this action, and granting such other and further relief as the Court shall deem just and proper.

## JURY DEMAND

Preston Hopper hereby demands a trial by jury.

Dated:  April 10, 2006

Respectfully submitted,

Greg Waller
State Bar No. 00794813
S.D. Tex. No. 20272
600 Travis, Suite 4200
Houston, Texas  77002
(713) 220-4200
(713) 220-4285 Fax

ATTORNEY-IN-CHARGE FOR
PRESTON HOPPER

OF COUNSEL:

ANDREWS KURTH LLP
600 Travis, Suite 4200
Houston, Texas  77002
(713) 220-4200
(713) 220-4285 Fax

CADWALADER, WICKERSHAM & TAFT LLP
James K. Robinson
Mary A. Dabiza
1201 F. Street, N.W., Suite 1100
Washington, DC 20036
(202) 862-2200

ATTORNEYS FOR PRESTON HOPPER

HOU:2565948.1

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of *Defendant Preston Hopper's Answer and Demand for Jury Trial* has been sent by certified mail, return receipt requested, on this __10__ day of April, 2006, to the following counsel of record:

Toby M. Galloway
Securities and Exchange Commission
801 Cherry Street, 19th Floor
Fort Worth, Texas 76102

James G. Munisteri
Gardere Wynne Sewell LLP
1000 Louisiana, Suite 3400
Houston, Texas 77002

William J. Linklater
Baker McKenzie
130 E. Randolph Drive
Chicago, Illinois 60602

Greg Waller

HOU:2565948.1